SWENSON, Respondent, vs. SWENSON, Appellant.*

*February 16—March 14, 1944.*

* Motion for rehearing denied, with $25 costs, on May 4, 1944.

For the appellant there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt*. *Joseph E. Tierney* of Milwaukee, for the respondent.

FOWLER, J.   The defendant appeals, (1) from a judgment of divorce awarded on the complaint of the plaintiff based upon allegations of cruel and inhuman treatment; and (2) from an order denying a petition of the defendant made after entry of judgment asking that the judgment be set aside and a new trial granted because of condonation by the plaintiff of the acts of cruelty alleged by submitting to acts of intercourse with the defendant between the commencement of the action and the trial thereof; (3) the defendant also appeals from an order granting attorney's fees to the plaintiff's attorney for defending against the petition to set aside the judgment on the ground of condonation.

The ground of (1) is that the evidence adduced does not support the finding of the court as to cruel and inhuman treatment, and of (2) is that the evidence of the acts of condonation alleged does not support the finding of the court on that issue.   If these were the only matters urged on the appeal we would affirm the judgment without opinion, but the appellant also contends, (4) that the court was without jurisdiction to grant the divorce because the cruelty alleged was practiced by means other than physical violence and was supported only by evidence of the plaintiff, and it is not alleged in the complaint or proved upon the trial that there was no available corroborating evidence of the cruelty claimed, and none that the parties had lived in the state for two years prior to the commencement of the action, which sec. 247.06, Stats., requires as condition precedent to the bringing of an action for divorce.   These matters may properly be passed upon, although this affords no occasion for stating the evidence on which the finding of the court as to cruelty or condonation was based and we do not state it.

(4) We will first take up claim (4).   The claim of want of jurisdiction is based on a rule stated in sec. 247.18, Stats. Trial courts granting divorces have only such jurisdiction in divorce matters as the legislature confers upon them, but the rule stated is not a statute.   The legislature never enacted it.

It was formerly Circuit Court Rule XXVIII adopted by the supreme court to govern the practice of inferior courts under the supervisory power of the supreme court granted by sec. 3, art. VII, of the state constitution. (See p. 3210, Appendix to Stats. 1929.) When the legislature enacted ch. 404, Laws of 1929, conceding to the supreme court the power to establish rules relating to practice and procedure (see sec. 251.18, Stats. 1943, and *Rules of Court Case,* 204 Wis. 501, 236 N. W. 717), the supreme court by order formally adopted the then existing circuit court rules, except such thereof as it repealed, and those adopted were given numbers and placed in the current Wisconsin statutes. (See table, p. 35, Appendix to Stats. 1943.)

The court is therefore not without jurisdiction. Failure to follow the rule stated might in some cases be error such as to require reversal but we cannot perceive that the failure to follow it in the instant case prejudiced the defendant, and the legislature by enacting sec. 274.37, Stats., admonishes us not to reverse judgments unless upon the whole case it appears that error complained of violated substantial rights of the party seeking to reverse or set aside the judgment. The defendant was present in the court when the divorce action was heard and could have denied the testimony of the plaintiff had it not been true. We cannot perceive that the defendant was prejudiced by want of corroboration of evidence, the truth of which he did not deny, especially that as to residence which he specifically admitted in his answer and affirmatively alleged in this counterclaim.

(3) The court ordered payment to plaintiff's attorney of $125 as fees for services and $26 as disbursements in defending the motion to vacate the judgment and in efforts to collect the $1,700 that the judgment awarded to plaintiff on division of property. The services were rendered and the expenditures made after the judgment was entered and the application for payment to plaintiff's attorney was made after the services were rendered and the motion to vacate the judg-

ment was denied. The defendant objects to the allowance on the grounds, (a) that the order was made not upon motion or request of the plaintiff but on a "petition" signed and presented by her attorney in his own behalf; (b) that the services were not rendered to enable the plaintiff to carry on or defend the action; (c) that the services were not necessary for collection of the $1,700, and anyhow were not recoverable from the defendant.

(a) It has been the practice for attorneys for the plaintiff wife in divorce actions to move informally for allowance of their fees and payment thereof by the defendant, and this whether made before their services are rendered or thereafter. Commonly the order is made upon the affidavit of the attorney and by motion in open court. Whether the application is made as in behalf of the plaintiff, or as in behalf of the attorney, is of no moment. In either case the payment is made by the defendant to the attorney for his benefit as well as for the benefit of the plaintiff and the money belongs to the attorney.

(b) The claim here seems to be that the statute governing suit money to a wife in divorce cases, sec. 247.23, Stats., only grants power to compel such payment "to enable" the wife "to carry on or defend the action," and the instant services were not performed for either such purpose, because the action was terminated when the services were performed. We consider that in upholding the judgment the wife was upholding her action and that this is within the meaning and intent of the statute. Besides the defendant interposed a counterclaim, which was not withdrawn, and the relief asked was a new trial. The counterclaim constituted an action by the defendant, and in opposing the motion the plaintiff was defending an action. *Littig v. Littig,* 229 Wis. 430, 438, 282 N. W. 547, rules both defendant's contentions (a) and (b) against him.

(c) The defendant also claims that the payment of attorney fees was not necessary to enable the plaintiff to oppose the

motion, because she had the $1,700 adjudged to her on division of property and could pay her expenses out of that. The trial court found that such payment was reasonably necessary. If so it was "necessary" within the meaning of the statute. "It is . . . the rule that the court [in awarding suit money] in its discretion may consider the relative financial condition of the parties and decline to charge the husband with the expenses of her action or defense when, due to her financial condition or his, such a charge would be inequitable." *Cudahy v. Cudahy,* 217 Wis. 355, 361, 258 N. W. 168. This implies the converse, that although the wife has means with which to carry on her action the husband should pay the expense of her so doing if the circumstances make such payment equitable. The wife in the *Cudahy Case* had "$8,000 or $10,000." This was more than enough to enable her to defend her husband's action for divorce, and would have relieved the husband were the statute to be literally applied as here contended. But the husband was required to pay her attorney's fees and expenses. Besides an attorney's oath requires him "never [to] reject for any cause personal to . . . [himself] the cause of the defenseless or oppressed." A wife, if utterly indigent, could always secure an attorney to prosecute a divorce suit. Thus suit money could never be allowed under the defendant's strict construction of the statute. We consider that the order for attorney's fees for resisting the motion should be allowed.

Part of the fees allowed were for services in enforcement of the judgment for payment of the $1,700 award. The retainer of an attorney authorizes him, and it is his duty to his client, to use due diligence to enforce the payment by the adverse party of money for which the attorney has procured a judgment against such party. In efforts to collect the $1,700 the plaintiff's attorney was carrying on the plaintiff's action within the meaning and intent of sec. 247.23, Stats.

*By the Court.*—The judgment and order of the circuit court are affirmed.