PETERSON CUTTING DIE COMPANY, Appellant, vs. BACH SALES COMPANY, Defendant: LUANE KAY PRODUCTS CORPORATION, Garnishee, Respondent.

*February 7—March 8, 1955.*

114

For the appellant there was a brief and oral argument by *George T. Stine* of Menasha.

For the respondent the cause was submitted on the brief of *Morris & Vanden Heuvel* of De Pere.

BROWN, J. The parties agree that the following questions are material to the decision of this appeal:

1. Did the removal of the mortgaged goods from Outagamie county to Winnebago county invalidate the lien of the

Seymour State Bank under its chattel mortgage as to creditors?

2. Did the garnishee defendant have such possession and control of the mortgaged goods to subject them to garnishment?

3. Should the judgment have included costs to garnishee defendant who prevailed in the action?

It has been settled ever since the decision of *Bailey v. Costello* (1896), 94 Wis. 87, 68 N. W. 663, that the lien which a lender acquires by filing his chattel mortgage pursuant to statute is not invalidated by the removal of the mortgaged property to some other political district. By the statute in force at the time *Bailey v. Costello, supra,* was decided, sec. 2314, Stats. 1889, the mortgagee was directed to file his mortgage in the office of the clerk of the town, village, or city in which the mortgaged property was situated. The present statute, sec. 241.10 (1), directs the filing to be with the register of deeds of the county in which such personal property is situated. Both statutes declare that mortgages so filed shall be as valid and binding upon all persons as if the property thereby mortgaged had been, immediately upon the execution of such mortgages, delivered to, and possession thereof retained by, the mortgagees.

Appellant submits that sec. 241.10 (3), Stats., contains language which is not in the 1889 statute and which requires a present decision that *Bailey v. Costello, supra,* is no longer the law and the validity of a mortgage now depends on its being on file in whatever county the property is found. Such language in sec. 241.10 (3) is: "Filing such a chattel mortgage in any county shall be valid only with respect to the property situated in such county." Appellant's contention cannot be sustained. The language on which it relies affects the provision of the statute immediately preceding it which deals with a chattel mortgage on property located in two or more counties. Filing in one county, then, does not make

valid, as to third persons, the mortgage lien on the property located in the other. This provision has no reference to the removal of property to a different county from a county where, by proper filing, a chattel mortgage has been made valid. It has not impaired the authority of *Bailey v. Costello, supra*. The trial court correctly determined that although the property was moved to Winnebago county the lien of the bank under its chattel mortgage was superior to a lien which other creditors might subsequently obtain.

Appellant's second and third questions may be treated together. Such possession and control of the mortgaged property as appellant alleges the garnishee defendant had, and which that defendant denies, appears to be a question of fact which the decision and judgment of the trial court determined in defendant's favor. If this finding was correct, costs were properly taxed against the plaintiff under sec. 267.21, Stats.:

"Costs. In case of a trial of an issue between the plaintiff and any garnishee the plaintiff shall recover costs against the garnishee if the plaintiff recover more than the garnishee admitted by his answer; and if he do not, the garnishee shall recover costs. . . ."

Appellant informs us that the trial court erred on the questions of fact, wherefore plaintiff should have been served with a notice of taxation of costs instead of having costs arbitrarily awarded against it by the trial court *ex parte*.

We have here an issue of fact but appellant has not supplied us with either an appendix or a statement of the case, as provided by Rule 3a or Rule 6, Rules of Practice in the Supreme Court. The part of Rule 6 now material is:

"Rule 6 (5). In addition to the brief, the appellant or plaintiff in error shall print an appendix or in lieu of it the statement of the case (Rule 3a). The appendix shall contain:

"(a) The opinion or decision of the trial court.

"(b) Such part and only such part of the pleadings, findings, verdict, judgment, or order sought to be reviewed as may be material in the consideration on appeal of the questions stated.

"Rule 6 (5) (c). An abridgment of the bill of exceptions or record as the case may be but only so much thereof as is necessary and material to a consideration of the questions involved. The abridgment of the testimony shall be in narrative form with marginal page references to the record. Asterisks or other appropriate means shall be used to indicate omissions in the instructions of the court or in the testimony of witnesses. The names of the witnesses whose testimony is referred to shall be given and shall be properly indexed at the end of the appendix.

"(d) All exhibits whether printed or not shall be indexed at the end of the appendix, with reference to the page of the record and if printed in the appendix, the page of the appendix where the same may be found. The nature of the contents of the exhibit shall be briefly stated in the index."

The volume of work to be done by this court does not leave time for the justices to search the original record for each one to discover, if he can, whether appellant should prevail. An appendix conforming to Rule 6 makes readily available to each justice the matters which he must know if he is to give intelligent attention to the issues presented by the appeal. It is counsel's duty to the court as well as to his client to furnish it, but the court has had no assistance in this respect. It declines to do counsel's job for him. Under such circumstances we assume that the record supports the trial court's findings of fact. In the present matter, with such assumption, we find no error in the award of costs to the garnishee defendant.

*By the Court.*—Judgment affirmed.