DZIENGEL, Respondent, vs. DZIENGEL, Appellant.

*April 4—May 3, 1955.*

For the appellant there was a brief by *Sydney M. Eisenberg* and *Joseph B. Michalski,* both of Milwaukee, and oral argument by *Mr. Eisenberg.*

For the respondent there was a brief and oral argument by *John L. Newman* and *T. F. Swietlik,* both of Milwaukee.

GEHL, J. Counsel for defendant-appellant have failed in the preparation of their brief and appendix to comply with several rules of the court. Their failure has not aided us in our study of their appeal. ·Although there are over 300 pages in the bill of exceptions their statement of facts consists of but two pages, in which no reference is made to the pages of the appendix for the statements of fact made, Supreme Court Rule 6 (3). The appendix does not contain the opinion of the trial court, Rule 6 (5) (a). No part of the findings is printed in the appendix, Rule 6 (5) (b). What is offered in the appendix as an abridgment of the testimony which covers over 300 pages of the bill of exceptions appears on only 17 pages of the appendix.

The rules of court were made to enable us, in the limited time which we have, to give due consideration to all the cases presented to us. Were each of us to search a long bill of exceptions for evidence supporting appellant's contention, we would be left with insufficient time for consideration of the cases which are submitted with properly prepared briefs and appendices. Litigants whose attorneys comply with the rules are entitled to more than that. We call attention to what we said so recently regarding these rules in *Peterson Cutting Die Co. v. Bach Sales Co.*, ante, p. 113, 68 N. W. (2d) 804.

The court found that plaintiff advanced to defendant $5,500, which sum she used in the purchase of a house and lot in Milwaukee, found to have a value of $14,500. An examination of the trial court's memorandum opinion, and of the meager abridgment of the testimony contained in appellant's appendix, discloses that there was testimony to support the finding. We should not disturb the finding nor the judgment by the terms of which only that which the husband had given to the wife prior to, and during the short period of their marriage, four months, is ordered returned to him.

Plaintiff has made a motion for review contending that the court was too liberal in its allowance to the widow. Many conflicting stories were told regarding the dealings between

these people. The trial judge gave all the evidence his careful study; that he made a thorough analysis of the testimony is disclosed by the contents of his memorandum opinion. Issues of fact were presented. We have found no reason to disturb the court's conclusions.

*By the Court.*—Judgment affirmed.