ANTHOLT, Appellant, v. ANTHOLT, Respondent.

*February 5—March 3, 1959.*

For the appellant there was a brief and oral argument by *Donald J. Howe* of Sturgeon Bay.

For the respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan*.

BROADFOOT, J. Upon this appeal it is contended that the trial court was in error in determining the value of the property of the parties. We have carefully reviewed the record and we cannot find any error. The finding of the trial court in that regard is well supported by the testimony.

It is next contended that the trial court abused its discretion in awarding to the plaintiff less than one third of the value of the property. The plaintiff cites several decisions of this court commencing with *Gauger v. Gauger*, 157 Wis. 630, 147 N. W. 1075, and quotes from some of them to support her argument.

There is no such fixed rule. For the sake of this argument we may concede that an award of one third of the net value of the husband's estate would be a proper starting point. The decisions are clear that whatever the starting point, the award may be increased or decreased according to the special circumstances appearing in the case. There are special circumstances revealed in the record before us. Among them are the health of the husband and the fact that it may be extremely difficult to borrow the sum awarded. In fact, the real estate may have to be sold in order to raise the amount of the award. This would seriously affect his earning power. The nominal award of alimony leaves this feature open for future adjustment if there is a material change in the circumstances of either party. We have held many times that the division of property in divorce actions is a matter peculiarly within the discretion of the trial court and its determination must prevail unless clearly characterized by mistake or error with respect to the facts upon which the court exercised its discretion. A review of the record does not disclose that the trial court overlooked any of the matters to be considered in making the award to the plaintiff. We find no clear abuse of discretion that would warrant us in changing the determination of the trial court in that regard.

The same is true with respect to the contention that the court abused its discretion in failing to provide proper attorney's fees and costs at the trial and in failing to provide for temporary alimony, costs, and attorney's fees for the appeal.

We do find that the trial court committed error in one respect. The record is clear that the plaintiff purchased certain personal property with her own funds and had as a separate estate a gas stove, the living-room set, a kitchen set, an oil heater, bed and dresser, a sink, an electric mixer, a lawn mower, a television set, and certain dishes. None of the property is otherwise described. The division of property was made under the provisions of sec. 247.26, Stats., which provides that the court may divide the estate of the husband and so much of the estate of the wife as shall have been derived from the husband between the parties. Sec. 247.35 provides that no judgment for divorce shall affect the right of a wife to the possession and control of her separate property except as provided in ch. 247, Stats., which obviously refers to separate property of the wife derived from the husband. The judgment should, therefore, be modified to direct that the defendant deliver the personal property owned by the plaintiff as her separate estate to her.

*By the Court.*—Cause remanded with directions to modify the judgment in accordance with this opinion, and as so modified the judgment is affirmed. The plaintiff may tax the sum of $100 plus the clerk's fees as her costs upon this appeal.