Boyle, Appellant, v. Industrial Commission and others, Respondents.

*November 5—December 1, 1959.*

602

The cause was submitted for the appellant on the brief of *L. A. Tarrell* of Milwaukee, and for the respondent Industrial Commission on the brief of *John W. Reynolds*, attorney general, and *Mortimer Levitan* and *Beatrice Lampert*, assistant attorneys general.

FAIRCHILD, J. On this appeal, we are to determine whether the right of compensation now claimed by appellant is barred by sec. 102.12, Stats. 1949. That section provided in part:

"Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application filed with the commission within two years from the date of the injury or death, or from the date the employee or his dependent knew or ought to have known the nature of the disability and its relation to the employment, the right to compensation therefor shall be barred, except that the right to compensation shall not be barred if the employer knew or should have known, within the two-year period, that the employee had sustained or probably would sustain disability."

As noted in the statement of facts, the examiner and the commission found that Boyle did not file an application until more than two years after the time he knew or ought to have known, the nature of the disability, and its relation to the employment.

The attorney general argues here, as in the circuit court, that since Boyle's claim for compensation is based upon accident rather than upon occupational disease, his claim was barred by failure to file an application within two years after December 12, 1950, the date of the accident, and that inquiry as to when he knew or ought to have known, the nature of the disability and its relation to the employment was unnecessary. The authority cited in support of the proposition that the "knew or ought to have known" test is applicable solely to disability caused by occupational disease, is *Zabkowicz v. Industrial Comm.* (1953), 264 Wis. 317, 58 N. W. (2d) 677. In that decision, however, the court did not expressly so hold, but stressed the fact that the applicant "knew he had been injured." The court relied upon *Creamery Package Mfg. Co. v. Industrial Comm.* (1938), 226 Wis. 429, 277 N. W. 117. In that decision, at page 433, the court stated, "that the applicant knew the nature of his injury immediately upon its happening there cannot be the slightest doubt." Thus, the previous decisions of this court appear to have recognized that there is a class of injuries resulting from accident as to which the time for filing application runs from the date the applicant knew or ought to have known the nature of the disability, and its relation to the employment.

The case now before us may well fall into this class. It appears that on December 12, 1950, Boyle was driving an automobile in the service of his employer; that he stopped behind a stopped streetcar, and was struck from behind. The car which he was driving was propelled forward into the

streetcar. It appears that Boyle's present claim is based upon symptoms which he claims are the manifestations of a whiplash injury sustained at the time of the collision in 1950, but that he was unaware of the existence of any injury (except symptoms of shock and headache) until a considerable time after the event. We conclude that the examiner properly considered the question whether Boyle knew or ought to have known the nature of his disability, and its relation to his employment more than two years prior to the filing of the application.

Appellant's brief tells us that the only question involved in this appeal is whether there is sufficient evidence to support the finding of the examiner and commission that in 1953, more than two years before the application, the appellant knew or should have known that the trouble he was having was attributable to the 1950 injury. Appellant has failed, however, to file an appendix, or printed statement of the case, in compliance with Rule 6 of this court, sec. 251.26, Stats. In similar circumstances, in *Peterson Cutting Die Co. v. Bach Sales Co.* (1955), 269 Wis. 113, 68 N. W. (2d) 804, this court assumed, because of an appellant's failure to file an appendix, or printed statement of the case, that the record supported the findings of fact of the trial court. For the same reasons, we make the same assumption here with respect to the findings of the examiner and commission.

*By the Court.*—Judgment affirmed.