LINDAHL, Respondent, v. LINDAHL, Appellant.*

*February 8—March 5, 1963.*

* Motion for rehearing denied, without costs, on April 30, 1963.

For the appellant there was a brief by *George W. Peterson,* attorney, and *E. Nelton* of counsel, both of Balsam Lake, and oral argument by *Mr. Peterson.*

For the respondent there was a brief by *Louis G. Nagler* of Balsam Lake, attorney, and *Doar & Knowles* of counsel, and oral argument by *James A. Drill,* all of New Richmond.

DIETERICH, J. The complaint alleges that the parties were married at Osceola, Wisconsin, on March 26, 1937. The issue of the marriage is one child, Kathy Lucille Lindahl, born March 7, 1942.

Demand was made by the defendant upon the plaintiff for a bill of particulars showing all facts, incidents, reasons, and basis upon which the plaintiff's cause of action of cruel and inhuman treatment is based.

The bill of particulars alleged that over a long period of time defendant has been unco-operative with the plaintiff and has not exhibited any love or affection for her; that the defendant has manifested an attitude of indifference and dislike toward plaintiff and has treated her with contempt; that defendant has wrongfully distrusted plaintiff and has wrongfully and without cause accused her of infidelity; that defendant is possessed of a violent and uncontrollable temper; that defendant has repeatedly told the plaintiff that she was "unbalanced" and "mentally unsound," and that she should not waste money going to college for teacher training because she was "crazy" and "sick" and would never be hired; that defendant has in various and devious ways attempted to disturb and alarm plaintiff so as to make her nervous and upset; that defendant has for the past several years drunk intoxicants to excess and has been drunk at least every weekend, to the embarrassment and worry of plaintiff; that all of said conduct has caused the plaintiff to be nervous and upset and has prevented her from eating and sleeping properly and has interfered with her health, so that she has

been under the care of a doctor, and said conduct has caused plaintiff pain, humiliation, and suffering in body and mind.

The defendant in his answer denies having sufficient information upon which to form a belief as to the allegations that are the grounds for the action by way of cruel and inhuman treatment and puts the plaintiff to her proof thereof and specifically denies that he has been unco-operative with the plaintiff and has not exhibited any love and affection for her, that he has manifested a dislike for her and has treated her with contempt, that he has wrongfully distrusted the plaintiff and has wrongfully without cause accused her of infidelity, that defendant is possessed of a violent and uncontrollable temper; that the defendant has told the plaintiff that she was "unbalanced," and "mentally unsound," and that he has in various ways attempted to disturb and alarm the plaintiff, and specifically denies that the allegation in her bill of particulars that he has prevented her from eating and sleeping and has interfered with her health so that she has been under the care of a doctor, or that the defendant has caused the plaintiff pain, humiliation, and suffering. The defendant admits that the parties are possessed of many items of real and personal property and alleges that most of the property was acquired by the defendant prior to the marriage of the parties.

Trial was had to the court without a jury on the 13th day of October, 1961. The trial court in its memorandum opinion stated as follows:

"This is an action for absolute divorce. The plaintiff asks for divorce on the grounds of cruel and inhuman treatment. The defendant opposes the granting of the divorce. The court has read the briefs of the parties. One particular part of the testimony which the court has carefully reviewed most certainly warrants the granting of a divorce on the grounds of cruel and inhuman treatment. The [plaintiff] testified that the [defendant] would urinate around the

bedroom and on the sewing machine and that this matter started in 1943, and has continued ever since, becoming much worse after the parties moved to Luck about 1951. The defendant in the testimony never did deny that he was not guilty of this type of behavior. He does deny he was frequently drunk. How any woman could put up with this type of behavior over the years is hard for this court to understand. It is certainly grounds for divorce, whether the husband was drunk or sober when he performed this type of action. Therefore, absolute divorce will be granted to the plaintiff from the defendant."

The defendant contends that the evidence upon which the plaintiff relies in support of obtaining her divorce on the grounds of cruel and inhuman treatment requires corroboration. Sec. 247.18 (2), Stats., provides:

"CORROBORATION REQUIRED; DEFAULTS. . . .

"(2) No judgment of annulment, divorce, or legal separation shall be granted on the testimony of the party, unless the grounds therefor and required residence are corroborated by evidence other than the testimony of the parties, except the ground of cruel and inhuman treatment when no corroborating evidence is available. No stipulation by the parties shall satisfy the requirements of this subsection."

Counsel for the defendant-appellant on this appeal have failed in the preparation of their brief and appendix to comply with Rule 6 (5) (c) of this court, sec. 251.26, Stats.[1] The appendix does contain the memorandum opinion

---

[1] Rule 6 (5). "In addition to the brief, the appellant or plaintiff in error shall print an appendix or in lieu of it the statement of the case (Rule 3a). The appendix shall contain: . . .

Rule 6 (5) (c). "An abridgment of the bill of exceptions or record as the case may be but only so much thereof as is necessary and material to a consideration of the questions involved. The abridgment of the testimony shall be in narrative form with marginal page references to the record. Asterisks or other appropriate means shall be used to indicate omissions in the instructions of the court or in the testimony of witnesses. The names of the witnesses whose testimony is referred to shall be given and shall be properly indexed at the end of the appendix."

of the trial court. The purpose of this rule is to enable us in the limited time available to give due consideration to all the cases presented to us. *Dziengel v. Dziengel* (1955), 269 Wis. 591, 70 N. W. (2d) 21. The rule under such circumstances is that this court will assume that the record supports the trial court's findings of fact. *Peterson Cutting Die Co. v. Bach Sales Co.* (1955), 269 Wis. 113, 68 N. W. (2d) 804, and *Boyle v. Industrial Comm.* (1959), 8 Wis. (2d) 601, 99 N. W. (2d) 702.

Whether corroboration of testimony is required is not a question of fact, but one of law and thus appellant's failure to make a proper appendix does not preclude a review of this issue. The conduct of defendant-appellant upon which the trial court found reason to grant an absolute divorce to plaintiff was by its very nature the type of conduct for which corroboration would not be available. Defendant did not deny this conduct and in view of the fact that this is a contested divorce such failure to deny will be regarded as sufficient corroboration to support the judgment. *Swenson v. Swenson* (1944), 245 Wis. 124, 13 N. W. (2d) 531.

The appellant-defendant further contends that the property division is not entirely based upon fact, but based upon speculation and bias, and is contrary to law. The division of property is a question of fact and failure to make a proper appendix would warrant an assumption by this court that the record supports the trial court's findings of fact. However, in the instant case the appellant included, in addition to a statement of facts, schedules of the property owned by the defendant-appellant at the time of the marriage and the property owned by both parties at the time of the divorce. These schedules contain frequent references to the relevant pages in the record. Although this court does not condone the substitution of schedules for an appendix and the violation of its rules, nevertheless we will

in this case exercise our discretion and review the property division made by the trial court.

The testimony reveals the following facts: The defendant at the time of the marriage was a widower thirty-seven years of age and possessed a certain amount of property, to wit:

| | |
|---|---|
| Home | $3,000 |
| One-half interest in bulk-oil business | 3,000 |
| Paid-up life insurance | 6,000 |
| Inheritance | 1,300 |
| | $13,300 |
| Paid in 1938 for other one half of bulk-oil business | 3,000 |
| | $16,300 |

The plaintiff was twenty-three years of age when she married the defendant and did not possess property. The defendant bought out his partner in the bulk-oil business for $3,000 in 1938, which was paid in full at that time. At the commencement of the divorce action the parties owned property worth approximately $40,000.

The plaintiff was a rural school teacher and continued teaching until May of 1937. She did some substitute teaching during the 1937-1938 school term and taught full time during the 1939-1940 term.

In 1938, the defendant broke his back in an automobile accident, and leased his oil business. In 1942, the parties moved to a farm. The only child of the parties was born in 1942 and the plaintiff was involuntarily hospitalized the same year as a mental patient. During the year 1944, the defendant sold the oil business. The farm was sold in 1951. After the sale of the farm, the Lindahl family moved to Luck, Wisconsin, where the defendant was employed at a rock-crushing plant.

The plaintiff attended Polk County Teachers College during the 1956-1957 term and then resumed her teaching career in the fall of 1957. She taught until the fall of 1960, when she attended Superior State College. She received a Bachelor's degree from that institution in 1961. At the time of the trial in October of 1961, she was employed as a teacher receiving $5,500 per annum in Minnesota. She has been separated from her husband since December, 1960.

The defendant in May of 1961, began work as a fireman at $1.62 an hour for a forty-hour week, less than $3,400 per year.

At the time of the trial the defendant was sixty-three years of age and the plaintiff was forty-eight years of age. Their daughter, Kathy, was nineteen years of age and a college student living away from home.

The total value of all property owned by the parties at the time of their divorce was about $30,000, plus a house and 40 acres of land worth perhaps $10,000, or a total of $40,000. The trial court concluded that at least three fourths of this property was accumulated during the marriage of the parties. This finding is not based entirely on the evidence. The clear and uncontradicted testimony is that a $6,000 life insurance policy was paid up at the time of the marriage. The trial court apparently chose to disregard this testimony and commented as follows:

". . . he had a life insurance policy which he testified was a paid-up life insurance which he cashed in for $6,000. Although this is the uncontested testimony the court wonders if, in fact, this wasn't a twenty-year endowment which paid $6,000 in 1944 or 1945. If this was in fact the case, about a third of the time during which he paid premiums would have been during the married life of the parties. The court realizes that most people do not understand the difference between the various types of life insurance."

In *Antholt v. Antholt* (1959), 6 Wis. (2d) 586, 588, 95 N. W. (2d) 224, this court said:

"We have held many times that the division of property in divorce actions is a matter peculiarly within the discretion of the trial court and its determination must prevail unless clearly characterized by mistake or error with respect to the facts upon which the court exercised its discretion."

The judgment of the trial court provided as follows:

"It is ordered, adjudged, and decreed that the bonds of matrimony heretofore existing between plaintiff, Ellen Margaret Lindahl, and the defendant, Axel Victor Lindahl, be and the same are hereby wholly dissolved and set aside, and that said parties and each of them be, and they hereby are, freed and discharged from the said bonds of matrimony;

"It is further ordered, adjudged, and decreed:

"1. That, in order to make a just and equitable division of property herein, the existing joint tenancies of the parties in ownership of the following:

"Items of personal property:

"(a) Mortgage notes of Mike Stevonek and wife;
"(b) Farmers & Mechanics Savings Bank account;
"(c) Minneapolis Savings & Loan Assn. account;
"(d) Fidelity State Bank savings account;
"(e) United States E bonds;

and in the following:

"Items of real estate:

"(f) Homestead in village of Luck, Polk county, Wisconsin;
"(g) Southeast $\frac{1}{4}$ of northeast $\frac{1}{4}$, section 6, township 34, range 17, Polk County, Wisconsin;

be, and hereby are dissolved, broken, and terminated so as to create and establish equal ownership of one half thereof by each of the parties as tenants in common.

"2. That as a full, final, and complete division of the property and estate of the parties, and in lieu of alimony, temporary or permanent, there shall be, and hereby is, awarded to the plaintiff herein:

"(a) Her one-half interest, as a tenant in common, of all the property described in above paragraph No. 1;

"(b) The household goods and furnishings, the 1957 Ford car, and any other property in her possession or in her name alone;

and there shall be, and hereby is, awarded to the defendant herein:

"(c) His one-half interest, as a tenant in common, of all the property described in above paragraph No. 1;

"(d) The 1950 Ford car, the Ferguson tractor and combine, the debt owed by Art Lehman, and any other property in his possession or in his name alone.

"3. That the defendant shall pay to Louis G. Nagler, attorney for the plaintiff, the sum of $250 attorney's fees, plus $17.40 costs and disbursements, in full payment of all liability of defendant to said attorney for legal services rendered plaintiff in this action."

The property division made by the trial court was partially based on a determination of defendant's wealth at the time the parties were married which determination was in error because it disregarded uncontradicted evidence and resorted to speculation.

After a careful review of the evidence, we determine that paragraphs (1) and (2) of the judgment, relating to final division and distribution of the estate, both real and personal, of Axel Victor Lindahl, and so much of the estate of the wife as had been derived from the husband be and the same is hereby reversed and set aside, and hereby direct that the following judgment be entered respecting final division and distribution of the estate, both real and personal of the parties, to wit:

It is further ordered, adjudged, and decreed:

(1) That, in order to make a just and equitable division of property herein, the existing joint tenancies of the parties in ownership of the following:

Items of personal property:

(a) Mortgage notes of Mike Stevonek and wife;
(b) Farmers & Mechanics Savings Bank account;
(c) Minneapolis Savings & Loan Assn account;
(d) Fidelity State Bank savings account;
(e) United States E bonds;

and in the following:

Items of real estate:

(f) Homestead in village of Luck, Polk county, Wisconsin;
(g) Southeast ¼ of northeast ¼, section 6, township 34, range 17, Polk county, Wisconsin;

be, and hereby are dissolved, broken, and terminated, and all of the right, title, and interest of Ellen Margaret Lindahl is hereby divested and transferred, both as to real and personal property, to Axel Victor Lindahl.

2. That as a full, final, and complete division of the property and estate of the parties, and in lieu of alimony, temporary or permanent, there shall be and hereby is awarded to the plaintiff, Ellen Margaret Lindahl:

(a) The amount of $15,000 to be paid from the cash deposits in the Minneapolis Savings & Loan Association, Farmers & Mechanics Savings Bank, and Fidelity State Bank.

(b) The 1957 Ford car, and any other property in her possession or in her name alone, shall be and hereby is awarded to Ellen Margaret Lindahl.

3. That as a full, final, and complete division of the property and estate of the parties, and in lieu of alimony, tempo-

rary or permanent, there shall be and hereby is awarded to the defendant, Axel Victor Lindahl:

(a) All of the right, title, and interest in and to the real estate and personal property described in paragraph (1), subject, however, and conditioned upon the payment by Axel Victor Lindahl to Ellen Margaret Lindahl the amount of $15,000.

(b) The household goods and furnishings, the 1950 Ford car,[2] the Ferguson tractor and combine, the debt owed by Art Lehman, and any other property in his possession or in his name alone, shall be and hereby is awarded to Axel Victor Lindahl.

4. That the defendant shall pay to Louis G. Nagler, attorney for the plaintiff, the sum of $250 attorney's fees, plus $17.40 costs and disbursements, in full payment of all liability of defendant to said attorney for legal services rendered plaintiff in this action.

*By the Court.*—That part of the judgment granting the divorce is affirmed, and that part of the judgment relating to division and distribution of estate is set aside with directions to enter judgment as incorporated in this opinion. No costs awarded on this appeal to either party.

The following opinion was filed April 30, 1963:

PER CURIAM (*on motion for rehearing*). By the trial court's division of property, plaintiff wife was awarded approximately one half of the aggregate property of the parties. This court considered that this was an excessive proportion to award to her in view of the fact that defendant had a substantial estate of his own at the time of the marriage.

---

[2] Or Chevrolet, as the case may be. The judgment of the court does not agree on this fact with the findings of fact also made by the court.

The division of property was accordingly modified so as to award plaintiff slightly in excess of one third of the aggregate property. Instead of granting this modification on the ground that the trial court's division constituted an abuse of discretion, the opinion stated that the trial court erred in determining the amount of defendant's wealth at the time of the marriage. The error pointed out was the trial court's failure to accept defendant's uncontradicted testimony that the value of a paid-up life insurance policy at time of marriage was $6,000.

Plaintiff has moved for a rehearing on the ground that defendant's testimony was contradicted by his own financial statement, which was admitted into evidence as an exhibit, in which he listed the value of this policy at a considerably lesser amount than $6,000. This fact was not called to our attention by the original briefs. Furthermore, defendant's original brief contained no appendix and plaintiff's supplemental appendix consisted solely of the trial court's findings of fact and conclusions of law. Upon further careful consideration, we have concluded that the modified division of property set forth in the original opinion is fair and equitable and should stand regardless of the value that such paid-up life insurance policy had at time of the marriage.

The original opinion set forth the following quotation from *Antholt v. Antholt* (1959), 6 Wis. (2d) 586, 588, 95 N. W. (2d) 224:

"We have held many times that the division of property in divorce actions is a matter peculiarly within the discretion of the trial court and its determination must prevail unless clearly characterized by mistake or error with respect to the facts upon which the court exercised its discretion."

This above quotation conveys the impression that the only time this court will upset a divorce property division is when

the trial court has made a mistake or error with respect to the facts upon which the division was made. This is but one of the two bases for finding an abuse of discretion. The other and far more common basis occurs when this court determines that the amount of property awarded to a party is either excessive or insufficient under the circumstances. Therefore, the above-quoted extract from the *Antholt Case* is withdrawn. For the proper principles to be applied by a trial court in making a division of property, see *Wagner v. Wagner* (1961), 14 Wis. (2d) 23, 27, 28, 109 N. W. (2d) 507.

The motion for rehearing is denied without costs.