IN the MATTER OF SANCTIONS IMPOSED IN

State v. Gregory K. NIELSEN:

STATE of Wisconsin, Plaintiff-Respondent,

STATE OF WISCONSIN COURT OF APPEALS, Respondent,

v.

Gregory K. NIELSEN,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 2010AP387–CR. Oral argument October 6, 2011.
—Decided November 1, 2011.*

2011 WI 94

(Also reported in 805 N.W.2d 353.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Joseph N. Ehmann,* assistant state public defender.

For the respondent there was a brief and oral argument by *Beth Ermatinger Hanan,* with whom on the brief was *Gass Weber Mullins LLC,* Milwaukee.

An amicus curiae brief was filed by *Robert R. Henak, Rebecca R. Lawnicki* and *Henak Law Office, S.C.,* Milwaukee, on behalf of the Wisconsin Association of Criminal Defense Lawyers.

An amicus curiae brief was filed by *Anne Berleman Kearney, Appellate Consulting Group,* Milwaukee, *G. Michael Halfenger, Foley & Lardner LLP,* Milwaukee, *Thomas M. Hruz, Meissner Tierney Fisher & Nichols S.C.,* Milwaukee, and *Todd G. Smith, Godfrey & Kahn S.C.,* Madison, and oral argument by *Thomas M. Hruz* on behalf of the Appellate Practice Section of the State Bar of Wisconsin.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. This is a review of an unpublished opinion and order of the court of appeals.[1]

¶ 2. The Office of the State Public Defender seeks review of part of an order[2] and footnote 2 in the unpublished opinion and order of the court of appeals. In this footnote the court of appeals imposed a sanction of $150 on the Office of the State Public Defender after finding that the appendix to the Assistant State Public Defender's brief was deficient and the attorney's certification of the appendix was "false." The footnote, in its entirety, reads as follows:

> Notably the appellant's appendix includes only a select portion of the sentencing court's pronouncement and excludes that portion where the court discussed these aspects of Nielsen's character. The appellant's brief contains the required certification by staff counsel from the Office of the State Public Defender that the appendix contains the "portions of the record essential to an understanding of the issues raised, including oral or written rulings or decisions showing the circuit court's reasoning regarding those issues." *See* Wis. Stat. Rule 809.19(2)(a). By omission of the entirety of [the] sentencing court's remarks, the certification is false. The false certification and omission of essential record documents in the appendix places an unwarranted bur-

[1] *State v. Nielsen,* No. 2010AP387–CR, unpublished slip op. & order (Wis. Ct. App. Dec. 22, 2010).

The defendant, Gregory K. Nielsen, the appellant in the court of appeals, does not seek review of that part of the opinion and order of the court of appeals affirming the judgment of his conviction and the order denying his post-conviction motion for resentencing.

[2] At the conclusion of its unpublished opinion, the court of appeals ordered "that for a violation of Wis. Stat. Rule 809.19(2)(a), the Office of the State Public Defender shall pay a $150 penalty within thirty days of the date of this decision."

den on the court and is grounds for imposition of a penalty. *State v. Bons,* 2007 WI App 124, ¶ 25, 301 Wis. 2d 227, 731 N.W.2d 376; *see also* Rule 809.83(2). Accordingly, we sanction the Office of the State Public Defender and direct the payment of $150 to the clerk of this court within thirty days of the release of this opinion.[3]

¶ 3. Today's dispute centering on footnote 2 arose in the midst of Nielsen's challenge to the sentence the circuit court imposed on him. Nielsen's argument in the court of appeals was that the circuit court's rationale for the sentence did not satisfy the requirements of *State v. Gallion,* 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197.

¶ 4. The possibility of sanctions for violations of the rules governing the content of an appendix is not limited to criminal cases or to the Public Defender. This issue affects civil cases as well as criminal cases, and prosecutors as well as defense counsel.[4]

¶ 5. Considering the interests of the court of appeals, the interests of counsel, the interests of litigants, and the effective and efficient administration of justice, we suggest that hereafter when the court of

---

[3] *Nielsen,* No. 2010AP387–CR, ¶ 4 n.2.

We note that the court of appeals may have created a risk of confusion when it wrote: "By omission of *the entirety* of [the] sentencing court's remarks, the certification is false." *Nielsen,* No. 2010AP387–CR, ¶ 4 n.2 (emphasis added). Wisconsin Stat. § (Rule) 809.19(2)(a) does not require *the entirety* of the sentencing court's remarks, unless, in a particular case, the entirety is "essential."

[4] The Appellate Practice Section of the State Bar of Wisconsin filed a non-party brief and participated in oral argument in support of the Public Defender. The Wisconsin Association of Criminal Defense Lawyers also filed a non-party brief in support of the Public Defender.

appeals is considering imposing a sanction on an attorney for filing a brief with a deficient appendix, an order should be issued (separate from the court's opinion on the merits of the appeal) directing counsel to show cause why a violation of the rules governing appendix content and certification, Wis. Stat. § (Rule) 809.19(2)(a) and (b) (2009–10),[5] should not be found and why the attorney should not pay a stated amount of money to the clerk of the court of appeals as a sanction for failing to include in the appendix portions of the record that may have been essential to an understanding of the issue on appeal and for filing an incorrect certification. The order to show cause should also state that alternatively, the attorney may pay the amount of money set in the order within 30 days of the order without showing cause why the attorney should not be relieved of this obligation.[6]

¶ 6.  We put this suggestion in context by setting forth the rules governing the content and certification of an appellant's appendix and then by discussing the interests of the parties and how they relate to the effective administration of the judicial system.

¶ 7.  Wisconsin Stat. (Rule) § 809.19(2)(a) and (b) are the focus of this review. Subsection (2)(a) governs the contents of the appellant's appendix. Subsection (2)(b) governs the appellant attorney's certification:

Wis. Stat. § (Rule) 809.19(2) Appendix.

---

[5] All subsequent references to the Wisconsin Statutes are to the 2009–10 version unless otherwise specified.

[6] Sanctions for violations of a rule in chapter 809 are set forth in Wis. Stat. § (Rule) 809.83(2) as follows: "Failure of a person to comply . . . with a requirement of these rules . . . is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate."

(a) Contents. The appellant's brief shall include a short appendix containing, at a minimum, the findings or opinion of the circuit court, limited portions of the record essential to an understanding of the issues raised, including oral or written rulings or decisions showing the circuit court's reasoning regarding those issues, and a copy of any unpublished opinion cited under s. 809.23(3)(a) or (b). If the appeal is taken from a circuit court order or judgment entered in a judicial review of an administrative decision, the appendix shall also contain the findings of fact and conclusions of law, if any, and final decision of the administrative agency. The appendix shall contain a table of contents. If the record is required by law to be confidential, the portions of the record included in the appendix shall be reproduced using first names and last initials instead of full names of persons, specifically including juveniles and parents of juveniles, with a notation that the portions of the record have been so reproduced to preserve confidentiality and with appropriate references to the record.

(b) Certification. An appellant's counsel shall append to the appendix a signed certification that the appendix meets the content requirements in par. (a) in the following form:

I hereby certify that filed with this brief, either as a separate document or as a part of this brief, is an appendix that complies with s. 809.19(2)(a) and that contains, at a minimum: (1) a table of contents; (2) the findings or opinion of the circuit court; (3) a copy of any unpublished opinion cited under s. 809.23(3)(a) or (b); and (4) portions of the record essential to an understanding of the issues raised, including oral or written rulings or decisions showing the circuit court's reasoning regarding those issues.

307

I further certify that if this appeal is taken from a circuit court order or judgment entered in a judicial review of an administrative decision, the appendix contains the findings of fact and conclusions of law, if any, and final decision of the administrative agency.

I further certify that if the record is required by law to be confidential, the portions of the record included in the appendix are reproduced using first names and last initials instead of full names of persons, specifically including juveniles and parents of juveniles, with a notation that the portions of the record have been so reproduced to preserve confidentiality and with appropriate references to the record.

Signed: . . . .

Signature

¶ 8. The rules governing the contents of appendices have changed over the years.[7] What has not changed, however, is the notion that the purpose of the appendix is to aid an appellate court and opposing

---

[7] For a former version of the rule governing the contents of briefs, see *Milwaukee Cold Storage Co. v. Dexter,* 99 Wis. 214, 230–31, 74 N.W. 976 (1898). *See also* Wis. Stat. § 251.34(5)(c) (1961).

With regard to enforcement of a prior rule, Justice Marvin Rosenberry wrote that the rule

was difficult of enforcement because it was general in character. The result was that in many appeals the entire record was printed, including notices of trial, summonses, affidavits used on motions, and a mass of inconsequential material. The present rule is also general. However, the revised rule does away with the printed case and provides for an appendix in its stead. Conformity to the rules relating to the appendix will do away with much of the unnecessary printing on appeals.

Marvin B. Rosenberry, *Briefs on Appeal in Wisconsin,* 1943 Wis. L. Rev. 5, 8–9.

counsel in understanding the appeal.[8] The courts have long emphasized the importance of the appendix. In 1955, the supreme court described the importance of the contents of an appendix as follows:

> The volume of work to be done by this court does not leave time for the justices to search the original record for each one to discover, if he can, whether appellant should prevail. An appendix conforming to [the rules] makes readily available to each justice the matters which he must know if he is to give intelligent attention to the issues presented by the appeal. It is counsel's duty to the court as well as to his client to furnish it . . . .[9]

¶ 9. These words apply with equal force to the court of appeals today. We fully appreciate the usefulness of appendices and understand how frustrating it is for members of an appellate court to study a brief with a deficient appendix.

¶ 10. Wisconsin Stat. § (Rule) 809.19(2)(a) was proposed by the Judicial Council and was adopted by

---

The rules governing the content of appendices have been revised since 1943, but Justice Rosenberry's words apply to the current version as well as to the version he was discussing.

[8] *Reserve Supply Co. v. Viner,* 9 Wis. 2d 530, 534, 101 N.W.2d 530 (1960) ("An insufficient appendix deprives opposing counsel and the court of a much-needed aid in their consideration of the appellant's contentions.").

[9] *Peterson Cutting Die Co. v. Bach Sales Co.,* 269 Wis. 113, 118, 68 N.W.2d 804 (1955), *quoted with approval in Dutcher v. Phoenix Ins. Co.,* 37 Wis. 2d 591, 610, 155 N.W.2d 609 (1968). *See also Lindahl v. Lindahl,* 19 Wis. 2d 379, 384, 120 N.W.2d 142 (1963) ("The purpose of this rule is to enable us in the limited time available to give due consideration to all the cases presented to us." (citing *Dziengel v. Dziengel,* 269 Wis. 591, 70 N.W.2d 21 (1955)).

the supreme court in 1978 upon the establishment of the court of appeals. This provision governing the contents of appellant's appendix in the court of appeals remains the same to this date.

¶ 11. As the Judicial Council Committee's Note explains, subsection (2)(a) adopted the system for appendices used by the United States Court of Appeals for the Seventh Circuit and replaced the former rule, which had required attorneys to provide a narrative explanation of trial testimony. The Judicial Council Committee's Note explains that under these new rules the appendix becomes "a very abbreviated document with only those items absolutely essential to an understanding of the case," "a useful tool to the members of the court."[10]

¶ 12. Then Judge (now Chief Judge) Richard Brown of the court of appeals aptly expressed the purpose of the appellant's appendix as an important tool for appellate decision making as follows in a 2007 court of appeals decision:

> [T]his court has a very high caseload. In our struggle to keep up and make sure cases do not lag, we take our work home or on the road with us while the file itself remains at the court. The briefs are all we have when we are operating under these circumstances. It is exasperating, to say the least, to read a brief and not be able to see for ourselves how the trial court dealt with an issue before us on appeal. We have to wait until we are back at court to dig out the file and search for the parts of the record that are pertinent. And that goes for all three judges on a panel. The good appellate litigators, and there are many, provide us with the information we need so that we can do our work in an efficient

---

[10] Judicial Council Committee's Note, 1978, Wis. Stat. § (Rule) 809.19; *see also In re Rules of Appellate Procedure,* 83 Wis. 2d xiii, xxix (1978).

manner. How hard can it be for all attorneys writing a brief to do the same?[11]

¶ 13.  The court of appeals rests its practice of imposing a sanction for failure of appellant's counsel to comply with Wis. Stat. § (Rule) 809.19(2)(a) on the simple—and correct—assertion that an appendix that complies with the rule is an invaluable resource. Even when working in chambers, it is tremendously helpful for an appellate judge to rely, at least initially, on an appendix to understand a case. A record may consist of boxes upon boxes of transcript pages and exhibits. Consulting a record is not a trivial task.[12]

¶ 14.  Wisconsin Stat. § (Rule) 809.19(2)(a) presents a contextually dependent standard for appendices, not a bright-line rule. The court of appeals is very capable, and has been very capable, of enforcing the standard in Wis. Stat. § (Rule) 809.19(2)(a) consistently and predictably. The words "short," "limited," and "essential" do not apply exactly the same way from case to case, but applying a standard to a set of facts is a central component of a court's job; it is what courts do all the time and are well equipped to do. Some components of a record will certainly fall into a gray area in some cases, but that there is a gray area does not mean the rule is flawed.

¶ 15.  Because of the value of an appendix that comports with Wis. Stat. § 809.19(2)(a), the large number of appeals filed in the court of appeals, and the need

---

[11] *State v. Bons*, 2007 WI App 124, ¶ 28, 301 Wis. 2d 227, 731 N.W.2d 326 (2007) (Brown, J., concurring).

[12] *Bons*, 301 Wis. 2d 227, ¶ 27 (Brown, J., concurring) ("When an appendix fails to provide the circuit court's rationale, our full understanding of the case is put on hold until we can ferret it out in the record.").

for increased compliance with the rule governing the contents of an appendix, in 2004 the chief judge of the court of appeals filed a petition with the supreme court to require certification of compliance with Wis. Stat. § (Rule) 809.19(2)(a), in the belief that "a certification requirement, similar to the form and length certification required by Wis. Stat. § (Rule) 809.19(8)(d) will result in increased compliance with renumbered Wis. Stat. § (Rule) 809.19(2)(a) and improve the quality of appendices that are filed with the court."[13]

¶ 16. In 2005 the supreme court adopted Wis. Stat. § (Rule) 809.19(2)(b) requiring appellant's counsel to certify that the appendix complies with Wis. Stat. § (Rule) 809.19(2)(a). As the court of appeals explains in its brief before this court: "The certification rule functions as a 'double-check' so that the signing lawyer will satisfy him- or herself that the appendix is complete, and not merely rely on colleagues or staff to make that assessment. The court of appeals is entitled to, and does, rely on that certification."[14] We agree with the court of appeals about the importance of the appellant's appendix and the value of a certification.

¶ 17. With that summary of the background of Wis. Stat. § (Rule) 809.19(2)(a) and (b), we explain what matters we do not address. We do not address the validity of Wis. Stat. § (Rule) 809.19(2). We do not address the correctness of the court of appeals' findings in footnote 2 or the imposition of the sanction. We do not address the obligations of a respondent to file a

---

[13] *In the Matter of the Proposed Amendment to Wis. Stat. § (Rule) 809.19 (Briefs and appendix) Relating to the Certification of Compliance with Wis. Stat. § (Rule) 809.19(2)*, 283 Wis. 2d xix, xx (Comment) (2005).

[14] Brief of Respondent Wisconsin Court of Appeals at 6.

supplemental appendix when the appellant's appendix has failed to conform to Wis. Stat. § (Rule) 809.19(2)(a).[15]

¶ 18.  We do address the Public Defender's objection to the summary procedure used by the court of appeals in finding a violation of Wis. Stat. § (Rule) 809.19(2)(a), in declaring the certification false, and in imposing a monetary penalty, without giving notice to counsel and without giving counsel an opportunity to be heard in writing.

¶ 19.  Counsel in the Office of the State Public Defender and other counsel contend they have serious interests at stake when the court of appeals declares a violation of the rules governing the contents of the appellant's brief and declares that a false certification has been filed. Although the monetary sanctions are modest, they are not trivial. And perhaps more importantly, publicly announcing that an attorney has violated Wis. Stat. § (Rule) 809.19(2)(a) and has filed a "false" certification could have damaging reputational effects for the individual attorney involved. The Public Defender asserts that it is unfair to call a certification "false," branding the attorney a liar, without notice to the attorney and giving the attorney an opportunity to be heard in writing.

¶ 20.  These damaging effects are inflicted, according to the Public Defender, when the perceived rule violation may really boil down to a good faith difference of opinion about how a standard, not a bright-line rule, applies to particular facts. The Public Defender argues that Wis. Stat. § (Rule) 809.19(2)(a) requires attorneys (and the court of appeals) to make judgment calls about what is a "short appendix," what are "limited portions of

---

[15] "The respondent may file with his or her brief a supplemental appendix." Wis. Stat. § 809.19(3)(b).

the record," and what parts of the proceedings are "essential to an understanding of the issues raised."

¶ 21. According to the Public Defender, the present case provides a good example of the "subjective" and elastic nature of the rule. To comply with Wis. Stat. § (Rule) 809.19(2)(a), the Assistant State Public Defender had to provide a "short" appendix with only "limited," "essential" portions of the record. The attorney in the present case decided to provide three pages of the sentencing hearing transcript, which were arguably the most essential three pages, but it is certainly also arguable that another five pages of the circuit court's remarks were required by the standards embodied in Wis. Stat. § (Rule) 809.19(2)(a).[16]

---

[16] The transcript of the sentencing hearing spanned 46 pages. Much of the hearing was devoted to statements by the victim's family, the defendant's family, the defendant's attorney, and the defendant. The circuit court's statements leading up to and including the announcement of a sentence spanned eight transcript pages.

The appendix did not include the first five pages of the circuit court's eight pages of remarks. In these five pages, the circuit court briefly addressed the circumstances of the crime and observed that the defendant was not honest with police about whether he had been drinking on the night of the crime. The circuit court also noted that the defendant had historically been untruthful to agents while on probation. Additionally, the circuit court briefly discussed the defendant's bipolar disorder and relationship with his parents.

The appendix to Nielsen's court of appeals' brief included three pages of the circuit court's remarks. These pages contained the circuit court's explicit discussion of the "factors that the Court is required to consider," including "protection of the community," "[p]unishment," "[r]ehabilitation," and "deterrence." The pages also included the circuit court's pronouncement of a sentence.

¶ 22. The Public Defender claims that its attorneys diligently and honestly attempt to comply with the rule governing the contents of appendices and that an attorney has now been labeled a liar (without an opportunity to be heard) because the court of appeals determined that the attorney filed a "false" certification.

¶ 23. In contrast, the court of appeals correctly stresses its heavy work load and its reliance on appendices to do its important work. It points out that most lawyers comply with the rules governing the content of appendices and that the court is very careful in imposing sanctions. In the vast majority of cases, attorneys provide appendices that the court of appeals finds satisfactory. On only very few occasions has the court of appeals sanctioned lawyers for violation of Wis. Stat. § (Rule) 809.19(2)(a). The court of appeals' best approximation is that annually since 2005, such costs have been imposed in less than 1% of the appeals where appendices are filed.[17] No one disputes the court of appeals' statistics.

¶ 24. The court of appeals asserts that its current process is adequate protection for counsel and serves the needs of the court. The court of appeals correctly notes that its current practice of imposing a sanction allows counsel to seek review of the sanction. The imposition of a monetary sanction allows a 30–day period for payment, during which time counsel can seek reconsideration in the court of appeals under Wis. Stat. § (Rule) 809.24 or can seek review in the supreme court by a petition for review under Wis. Stat. § (Rule) 809.62.[18]

---

[17] Brief of Respondent Wisconsin Court of Appeals at 6–7.

[18] On rare occasions, the court of appeals has given counsel only 14 days, but counsel for the court of appeals stated at oral argument that 30 days was more appropriate.

¶ 25. The Public Defender counters that the attorney has not had an opportunity to be heard before the court of appeals finds a violation and imposes a sanction. The Public Defender further contends that neither a motion for reconsideration nor a petition for review in the supreme court is tailored for review of the court of appeals' opinion and order. We agree that the attorney is currently allowed only an after-the-fact opportunity to be heard, which, to some, may not appear to be meaningful.

¶ 26. A motion for reconsideration and a petition for review are problematic because litigation about the content of the appendix and the sanctions imposed on counsel in the opinion and order remains attached to the merits of the case. As we noted at the outset, this case no longer involves Gregory K. Nielsen. It has morphed into an altogether different dispute. The two disputes— Nielsen's and counsel's—should be untethered from one another to avoid any risk of confusion or conflict. If the court of appeals had granted Mr. Nielsen a new sentencing, the defense attorney would want to appeal the monetary sanction to this court, but the client would be expecting the litigation to move back to the circuit court.

¶ 27. Although our synopses of some of the arguments might indicate that the Public Defender and the court of appeals appear to have adopted adversarial stances, they are not truly adversaries. The Public Defender and the court of appeals agree about the importance of appendices. The Public Defender asserts that its attorneys make sincere efforts to comply with Wis. Stat. § (Rule) 809.19(2)(a).

¶ 28. The court of appeals and counsel share the common goal that justice be administered fairly and efficiently in the State of Wisconsin. They agree that

316

counsel should be treated fairly and that the time and energy of the court of appeals must be conserved.

¶ 29. The Public Defender and the court of appeals agree that fair rules regarding the appendix and compliance of counsel with the rules aid in achieving a just result in each case and in attaining the fair and efficient administration of the court system. Counsel and the court of appeals are thus united in interest, yet both have reasonable concerns regarding the contents of the appendix and sanctions for violations of Wis. Stat. § (Rule) 809.19(2)(a).

¶ 30. Both the court of appeals and the Public Defender recognize that a procedure other than the one used by the court of appeals in the present case exists in other jurisdictions for addressing violations of rules governing appendices. The court of appeals diplomatically states that it is "prepared to assist this Court in assuring not only that Wisconsin courts continue to afford reasonable process, but also that adequate enforcement mechanisms remain."[19]

¶ 31. We appreciate the court of appeals' working with counsel and this court to reach a resolution that respects the concerns that counsel and the court of appeals share and the interests of all involved.

¶ 32. The significance of counsel's interests, especially counsel's reputational interests, makes us wary of the risk, however slight, that an attorney who acts diligently, reasonably, and in good faith might unfairly be labeled a liar. In an age of instantaneous transmission of information, reputational damage may be inflicted the moment an opinion and order is released that contains an announcement that an attorney has filed a "false" certification. Even if that opinion and

---

[19] Brief of Respondent Wisconsin Court of Appeals at 3.

order is later changed on a motion for reconsideration in the court of appeals or reversed by this court on a petition for review, this reputational damage may linger. Under these circumstances one can understand why attorneys seek a forum in which to explain their decisions about the contents of an appendix before the label "false certification" is attached.

¶ 33. We suggest that hereafter when the court of appeals is considering imposing a sanction on an attorney for filing a brief with a deficient appendix, an order to show cause should be issued directing counsel to explain why a violation of Wis. Stat. § (Rule) 809.19(2)(a) and (b) should not be found and why the attorney should not pay a stated amount of money to the clerk of the court of appeals as a sanction for failing to include in the appendix portions of the record that may have been essential to an understanding of the issue in the case and for filing a false certification.[20] We also suggest that the order to show cause should state that alternatively, the attorney may pay the amount of money stated in the order within 30 days of the date of the order without showing cause why the attorney should not be relieved of this obligation.

¶ 34. An order to show cause procedure has several benefits. An order to show cause would give attorneys the opportunity to explain their conduct before the court of appeals reaches a final decision about any violation of the rules governing the content of an appendix. An understanding of the attorney's position will better enable the court of appeals to gauge whether a violation has occurred and whether a sanction should be imposed.

---

[20] The court of appeals' specific concerns with the contents of the appendix should be set forth, as in footnote 2 in the present case.

318

¶ 35. An order to show cause separate from the opinion on the merits of the underlying case allows attorneys to pursue and argue the dispute about the appendix without distracting from, delaying, or undermining the client's cause.

¶ 36. Finally, and most importantly, this procedure will not interfere with the court of appeals' ability to effectively manage its high volume of cases. Currently, aggrieved attorneys have the opportunity to file a motion for reconsideration with the court of appeals. As best we can determine from the briefs and the oral argument, the time the court of appeals takes to issue and decide an order to show cause is no longer than the time it now takes the court of appeals to find a violation, order a sanction, and then address a motion for reconsideration.

¶ 37. In sum, the order to show cause procedure seems sensible from all vantage points.

¶ 38. No more work is required for the court of appeals to issue an order to show cause than to find a violation and impose a sanction. The order to show cause will probably save the court of appeals from addressing motions for reconsideration.

¶ 39. Attorneys are given a meaningful opportunity to protect their professional reputation and avoid monetary sanctions. Attorneys who truly deserve censure and sanction will still get their just deserts.

¶ 40. By issuing an order to show cause separately from the opinion on the merits of the case, the court of appeals prevents the complication and confusion that could arise if two independent disputes that may be moving in opposite directions in the court system are connected to one another.

¶ 41. The use of an order to show cause has support from other courts and in analogous contexts,

although we acknowledge that historically we did not always see the value in the order to show cause procedure that we do today.[21] In the same context as the present dispute, the Seventh Circuit Court of Appeals regularly issues orders to show cause when the panel believes a deficient appendix was filed.[22] Additionally, the Wisconsin court of appeals recently issued an order to show cause before ordering sanctions to be paid for a violation of the rule governing the content of an appendix.[23]

¶ 42.   We cite these examples to demonstrate that an order to show cause is an oft-used procedure, well known to both the court of appeals and counsel.[24]

---

[21] In 1968, in *Dutcher,* 37 Wis. 2d at 610, this court, without issuing an order to show cause, summarily found that an appendix was deficient and imposed double costs, which was then an allowable penalty. However, in another case that same year, *Lisowski v. Chenenoff,* 37 Wis. 2d 610, 632–33, 155 N.W.2d 619 (1968), the court evidently gave an attorney an opportunity to explain the contents of his appendix before imposing a penalty.

[22] *See, e.g., Kunz v. DeFelice,* 538 F.3d 667, 682 (7th Cir. 2008) (giving attorneys an opportunity "to show cause why they should not be fined or otherwise disciplined").

[23] *See State v. Neal,* No. 2010AP986–CR, unpublished slip op., ¶ 18 n.2 (Wis. Ct. App. June 1, 2011) ("[W]e direct that [the attorney] shall, within thirty days of the date of this opinion, show cause to this court in writing why she should not pay $100 to the clerk of this court as a sanction for filing a false certification. . . . Counsel may alternatively pay the $100 sanction to the clerk of this court within thirty days of this opinion without showing cause why she should be relieved of the obligation.").

[24] The procedure proposed differs slightly from *Kunz v. DeFelice* and *State v. Neal,* cited above, in two ways. First, the order is an order to show cause why a violation should not be

¶ 43. We remand for the court of appeals to modify footnote 2, which, as modified, might read as follows:

We direct the attorney to show cause in writing why a violation of Wis. Stat. § (Rule) 809.19(2)(a) and (b) should not be found and why the attorney should not pay $150.00 to the clerk of the court of appeals as a sanction for failing to include in the appendix portions of the record that may have been essential to an understanding of the *Gallion* issue. Notably the appellant's appendix includes only a select portion of the sentencing court's pronouncement and excludes that portion where the court discussed these aspects of Nielsen's character. *See State v. Bons,* 2007 WI App 124, ¶¶ 25–26, 301 Wis. 2d 227, 731 N.W.2d 367 (omitting essential record documents and filing a false certification places unwarranted burden on this court and constitutes grounds for monetary sanction). Alternatively, the attorney may pay the sanction of $150.00 within 30 days of this modification without showing cause why the attorney should not be relieved of this obligation.[25]

¶ 44. Upon receiving a written response to the order to show cause, the court of appeals will be better able to assess whether Wis. Stat. § (Rule) 809.19(2)(a) was violated, and if so, whether the violation warrants a monetary sanction.

found and why sanctions are not warranted, in contrast to finding the existence of a violation and issuing an order to show cause why sanctions should not follow. Second, the order to show cause is issued as a separate order, rather than in the opinion on the merits of the underlying case.

[25] The court of appeals imposed the monetary penalty on the Office of the State Public Defender. The issue of whether the attorney or the Office should be liable was not addressed by the parties, and we do not address it.

¶ 45. For the reasons set forth, we remand the cause to the court of appeals for proceedings consistent with this opinion.

*By the Court.*—The cause is remanded to the court of appeals with directions.